**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3781
_____

UNITED STATES OF AMERICA

v.

TIMOTHY WALKER,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-16-cr-00116-001)
District Judge: Hon. Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 5, 2018
_____

Before: SHWARTZ, SCIRICA, and ROTH, Circuit Judges.

(Filed: November 19, 2018)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Timothy Walker pleaded guilty to possessing a firearm as a convicted felon and was sentenced to 70 months' imprisonment. Walker appeals. His appellate counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

Walker sold two firearms to a confidential informant in Pennsylvania. He pleaded guilty to a two-count indictment for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The Probation Office prepared a Presentence Investigation Report ("PSR") recommending a United States Sentencing Guideline range of 70 to 87 months' imprisonment, based on a total offense level of 23 and a criminal history category of IV. Neither Walker nor the Government objected to the PSR. Walker requested a downward variance based on his history of mental health issues and generalized sentencing data.

After distinguishing Walker's situation from the generalized sentencing data, and upon consideration of the offenses and Walker's history, the District Court sentenced Walker to 70 months' imprisonment and three years' supervised release. Walker's appellate counsel filed an appeal on Walker's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.

II[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Walker did not object to the validity of the plea or the procedural or substantive reasonableness of the sentence before the District Court, our review is for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014). To grant relief under

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled the Rule 109.2(a) requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the

plain-error review, "[f]irst, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain—that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904 (2018). Where the defendant can show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different . . . the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1904-05 (internal citations and quotation marks omitted).

issues are frivolous, <u>Marvin</u>, 211 F.3d at 780-81.  If these requirements are met, the

<u>Anders</u> brief guides our review and we need not scour the record.  See <u>Youla</u>, 241 F.3d at

300-01.

Counsel's <u>Anders</u> brief satisfies both elements, and an independent review of the

record reveals no nonfrivolous issues.[2]  First, the brief demonstrates a thorough

examination of the record and identifies the validity of Walker's guilty plea and the

reasonableness of his sentence.  Second, the brief explains why any challenge to his plea

or sentence would be frivolous.  Counsel's <u>Anders</u> brief is therefore sufficient, and we

will proceed to review the issues counsel identifies.

### B[3]

The first issue counsel identifies is whether Walker's guilty plea was valid under

the Constitution and Federal Rule of Criminal Procedure 11.[4]  The record shows that it

---

[2] Walker was given the opportunity to file a pro se brief raising any additional arguments, but did not do so.

[3] There is no question that the District Court had jurisdiction to enter the judgment of conviction and sentence.  United States district courts have jurisdiction over offenses against the laws of the United States.  18 U.S.C. § 3231.  Walker was charged with felony possession of firearms in violation of 18 U.S.C. § 922(g)(1), which is a federal offense.  Accordingly, there exists no issue of arguable merit concerning jurisdiction.

[4] When a defendant enters a guilty plea, he or she waives various constitutional rights and these rights must be specifically addressed during a plea hearing.  <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1989).  Accordingly, Rule 11 requires that a district court advise the defendant, among other things, "of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, the court's 'obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances,' and 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" <u>United States v. Schweitzer</u>, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b) (alterations in original)).  The district court must also "ensure that the defendant receives

4

was. During the plea hearing, the District Court inquired of Walker to confirm his competence, ensured that he understood the charges against him, and reviewed his constitutional rights, including that he could plead not guilty and proceed to trial with the assistance of counsel who could cross-examine witnesses, that he had a right to testify or not testify and a right to subpoena witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt. The Court also reviewed with Walker the maximum term of imprisonment, fine, forfeiture, and term of supervised release, and explained that, in determining a sentence, the Court would refer to, but could depart from, the Guideline range. The Court confirmed that no plea agreement had been reached in this matter. Finally, the Court found there was a factual basis for Walker's guilty plea and that he pleaded guilty knowingly and voluntarily, with an understanding of his rights and the consequences of his plea. Therefore, there is no issue of arguable merit with respect to the validity of Walker's plea.

The second issue counsel identifies is whether Walker's sentence is procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guideline range, (2) consider any departure motions, and

---

these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. Where, as here, defendant makes no objections to the plea proceeding, the Court applies a plain error standard. United States v. Vonn, 535 U.S. 55, 58–59 (2002). To prevail under the plain error standard in a Rule 11 challenge, defendant must "show a reasonable probability that, but for the error, he would not have entered the [guilty] plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

(3) meaningfully consider all relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). The District Court followed this three-step sentencing process. The Court calculated the applicable Guideline range and did not have any departure motions before it.[5] Further, the Court gave "rational and meaningful" consideration to the § 3553(a) factors and Walker's request for a variance. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The Court also considered Walker's background, including his mental health issues, considerable criminal history, sales of multiple firearms, acceptance of responsibility, and the need for just punishment, deterrence and rehabilitation. Based on these factors and the Court's determination that the general sentencing data upon which Walker sought a variance were inapplicable, the Court imposed a sentence at the "low end" of the Guideline range. App. 75. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable. Given Walker's criminal history and the nature of the present offenses, which included the sale of two firearms, one of which was stolen, we cannot say that "no reasonable sentencing court would have imposed" the within-Guideline sentence of 70 months' imprisonment he received. Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Walker's sentence would lack merit.

---

[5] At the sentencing hearing, Walker questioned the assessment of criminal history points for a trespassing conviction but ultimately conceded the conviction was valid and, based on the record, we cannot say that addition of two points to the criminal history calculation for the trespassing conviction was plain error.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Walker's conviction and sentence.